UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALTOVISE COLLIER and
MELISSA THERMIDOR,

                    06 CV 5425 (SJ)

        Plaintiffs,

                    **MEMORANDUM**
  - against -                 **AND ORDER**

BOYMELGREEN DEVELOPERS, d/b/a
BOYMELGREEN DEVELOPMENT,

        Defendant.
-------------------------------------------------------X
A P P E A R A N C E S:

THE LAW OFFICE OF TINA KANSAS
305 Broadway, Suite 305
New York, NY 10007
By:    Tina Kansas, Esq.
Attorney for Plaintiffs

SATTERLEE STEPHENS BURKE & BURKE, LLP
230 Park Avenue, Suite 1130
New York, NY 10169
By:    Walter A. Saurack, Esq.
         Zoe E. Jasper, Esq.
Attorneys for Defendant


JOHNSON, Senior District Judge:

        Altovise Collier and Melissa Thermidor ("Plaintiffs") bring this action for damages arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law. § 296 *et seq.*, ("NYSHRL"), New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"), and New York common law. Presently before the Court is a motion to

dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss"), filed by Boymelgreen Developers, d/b/a Boymelgreen Development ("Defendant"). For the reasons stated below, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiffs, both African-American females, were employees of Defendant, a real estate development company. Thermidor began working for Defendant in August 2003, and resigned from her employment on December 12, 2004. (Compl. ¶¶ 24, 31.) Collier was hired by Defendant on January 20, 2004, and was terminated, without notice, on February 9, 2005. (Id. ¶¶ 10, 20.) Plaintiffs each filed complaints against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 4.) The EEOC investigated Plaintiffs' claims, and issued a right-to-sue letter to Thermidor on July 5, 2006. The EEOC did not issue a right-to-sue letter to Collier before Plaintiffs commenced this action.

On October 5, 2006, Plaintiffs brought this action against Defendant seeking damages arising under Title VII, NYSHRL, NYCHRL, and New York common law. Collier alleges that she suffered from a hostile work environment and was unlawfully terminated due to race discrimination, and was retaliated against for filing a complaint with the EEOC. (Compl. ¶¶ 10-23; 32-35; 38.) Thermidor alleges that she was subjected to a hostile work environment and was constructively discharged due to race

and gender discrimination. (Id. ¶¶ 24-31; 32-35; 39.) Each plaintiff also seeks damages for "injury to her reputation and good name." (Id. ¶¶ 46(d)(ii); 47(d)(ii).)

On November 28, 2006, Defendant filed its Motion to Dismiss, contending that (1) Collier failed to exhaust administration remedies because she did not receive a right-to-sue letter prior to filing her Complaint, (2) several of Thermidor's claims are untimely, and (3) Plaintiffs fail to state a claim upon which relief may be granted. Plaintiffs opposed on December 26, 2006, and Defendant replied on January 3, 2007.

On January 4, 2007, approximately three months after the Complaint was filed, Collier submitted to the Court her right-to-sue letter, dated December 20, 2006, and a letter brief arguing that Defendant's Motion to Dismiss was now "moot." On January 18, 2007, Defendant submitted a letter brief arguing that Collier's belated submission of a right-to-sue letter did not render moot the Motion to Dismiss because (1) the administrative scheme set forth by Congress required Collier to obtain the EEOC right-to-sue letter *prior to* filing her Complaint, and (2) even if the belated submission of the right-to-sue letter mooted arguments based on this procedural issue, Defendant's Motion to Dismiss nonetheless should be granted based on other arguments advanced in favor of dismissal of Plaintiffs' Complaint. Plaintiffs submitted a response on April 6, 2007, arguing that Collier's claims should not be dismissed based on a "technicality" that had been "corrected" by the filing of the right-to-letter on January 4, 2007.[1]

---

[1] Plaintiffs also asked the Court to strike Defendant's letter response, which was properly filed using the Eastern District of New York's mandatory electronic filing

## **STANDARD OF REVIEW**

In considering a motion to dismiss a complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Bolt Elec., Inc. v. City of N.Y., 53 F.3d 465, 469 (2d Cir.1995). Dismissal is appropriate only where it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See id. The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support her claims. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995). A district court must confine its consideration of a motion to dismiss "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991).

Even under the lenient pleading requirement of Fed. R. Civ. Pro. 8(a)(2), conclusory allegations are insufficient to withstand a motion to dismiss. See Manos v. Geissler, 377 F.Supp.2d 422, 425 (S.D.N.Y.2005). Moreover, courts need not accept as true pleadings expressing legal conclusions, speculation and unsubstantiated allegations "so broad and conclusory as to be meaningless." Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 120 (2d Cir.1982); see also Smith v. Local 819 I.B.T.

---

system ("CM/ECF"), because Defendant "failed to serve" Plaintiffs with a copy of the letter. Apparently, Plaintiffs are unfamiliar with Local Civil Rule 5.2, which states that any paper submitted through CM/ECF satisfies service and filing requirements.

Pension Plan, 291 F.3d 236, 240 (2d Cir.2002) (while the court must construe factual allegations in the light most favorable to the plaintiff, the court is not required to accept plaintiff's legal conclusions).

## DISCUSSION

### I. PLAINTIFF THERMIDOR

#### A. TITLE VII GENDER DISCRIMINATION CLAIMS – MOTION TO DISMISS GRANTED

Defendant alleges that Thermidor's gender discrimination claims should be dismissed as untimely, and for failure to state a claim.

To maintain a timely action under 42 U.S.C. § 2000e-5, a plaintiff must comply with three requirements: (1) file a timely charge with the EEOC, (2) receive an EEOC right-to-sue letter, and (3) file an action within 90 days of receipt of that letter. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir.1996); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir.1994). Because New York is a state with a fair employment agency, a charge of discrimination must be filed with the EEOC or the New York State Department of Human Rights within 300 days of the alleged discrimination. See 42 U.S.C. § 2000e-5(e)(1); Harris v. City of N.Y., 186 F.3d 243, 247 n.2 (2d Cir.1999). The 300 day filing requirement functions as a statute of limitations, see Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir.1998), and is strictly construed in this circuit, see, e.g., Trenchfield v. DuPont Photomasks,

Inc., No. 96 CIV. 1135, 1997 WL 53238, at *5 -*6 (S.D.N.Y. Feb. 7, 1997) (Title VII claims filed with EEOC 338 days after alleged discriminatory employment practice dismissed as untimely); Van Zant, 80 F.3d at 712-13 (sexual harassment claims dismissed as untimely where last alleged discriminatory act occurred more than 300 days before EEOC filing).

"The timeliness of a discrimination claim is to be measured from the date the claimant had notice of the allegedly discriminatory action." See Van Zant, 80 F.3d at 713. Because "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" every such act "starts a new clock for filing charges alleging that act." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Therefore, each discrete discriminatory act alleged must fall within the 300-day limitations period to be considered timely. See id. at 113.

However, for the purpose of evaluating timeliness of claims, the Supreme Court has distinguished discrete discriminatory acts, such as termination, failure to promote, denial of transfer, or refusal to hire, from "continuing violations." See Morgan, 536 U.S. at 114-15. Hostile work environment claims are considered continuing violations because a hostile work environment claim "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" Id. at 117. For hostile work environment claims, as long as at least one act contributing to a plaintiff's continuing violation claim occurred less than 300 days prior to the filing of the EEOC

6

charge, the court may consider alleged component acts which occurred outside of the statutory time period for the purpose of determining liability.  See id.; see also Cobian v. City of N.Y., No. 04 CIV. 1941, 2006 WL 212292, at *2 n.1 (S.D.N.Y. Jan. 24, 2006) ("Acts occurring outside the limitations period may be considered in support of continuing violation claims, such as hostile environment claims, where one act contributing to the claim occurred within the limitations period.").

In this case, Thermidor filed her claim with the EEOC on May 31, 2005.  Therefore, under the 300-day statute of limitations, only incidents of alleged discrimination occurring on or after August 4, 2004, or incidents that constitute a continuing violation for which at least one alleged act of discrimination occurred on or after August 4, 2004, can be considered in support of her claims.

### 1. Denial Of Maternity Leave – Dismissed With Prejudice

Thermidor alleges that in December 2003, she told her supervisor, Jackie Muriel, that she was pregnant and would need to take maternity leave the following summer.  She completed the forms to request maternity leave under the Family and Medical Leave Act ("FMLA").  However, after the forms had been completed, Defendant told Thermidor she had not worked enough hours to be eligible for paid leave, but she would be entitled to maternity leave and to have her job back when she returned.  (Compl. ¶ 27.)  She then "began her maternity leave" less than one week prior to July 19, 2004, which is the date her son was born.  (Id. ¶ 28.)

7

Based on the dates alleged in the Complaint, this claim must be dismissed with prejudice as untimely, because all alleged acts of discrimination occurred prior to August 4, 2004. Furthermore, because Thermidor had not been employed by Defendant for twelve months as of the week prior to July 19, 2004, she was not even eligible for maternity leave under the FMLA. See 29 C.F.R. § 825.110(a)(1). Therefore, her claim for gender discrimination based on denial of maternity leave under the FMLA is also dismissed with prejudice for failure to state a viable claim.

### 2. Harassment By Imassuer – Dismissed Without Prejudice

The second component of Thermidor's sexual discrimination claim alleges that Thermidor was subjected to repeated sexual harassment by Rotimi Imassuer, a chauffeur apparently employed by Defendant. According to Thermidor, Imassuer repeatedly tried to "flirt" with her and ask questions about her romantic and sexual life that made her "extremely uncomfortable."[2] (Compl. ¶¶ 25-26.) However, Thermidor does not allege a time period for this harassment. Instead, Thermidor merely alleges that she began working for Defendant in August 2003, and that by September 2004, gender-based harassment had been "going on for a while." (Id. ¶ 24.)

If Imassuer's alleged harassment occurred throughout the duration of

---

[2] Even if these allegations are timely, they may not state a viable claim for gender discrimination. However, because the Court dismisses this claim without prejudice for failing to allege a time period, the Court declines to decide at this time whether these allegations are otherwise sufficient to state a viable claim.

Thermidor's employment, then any alleged acts of discrimination that occurred on or after August 4, 2004, would be timely.  Furthermore, to the extent that Imassuer's alleged harassment amounts to a hostile work environment claim, as long as at least one act contributing to this continuing violation occurred on or after August 4, 2004, the court may consider component acts which occurred prior to that date.  See Morgan, 536 U.S. at 117.  However, if all acts of alleged harassment by Imassuer occurred before August 4, 2004, Thermidor's gender discrimination claims would be untimely.

Turning to the Complaint, the allegations do not specify when these alleged acts of discrimination occurred.  However, because some of Imassuer's allegedly objectionable conduct may have occurred on or after August 4, 2004, and thus could support Thermidor's Title VII claim for gender discrimination, the Court dismisses this claim without prejudice to repleading.

### B. NYSHRL AND NYCHRL GENDER DISCRIMINATION CLAIMS – MOTION TO DISMISS GRANTED

The Court's consideration of claims brought under NYSHRL and NYCHRL parallels the analysis used for Title VII claims.  See Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir.2000).  However, in contrast to Thermidor's Title VII claim, her claims brought under NYSHRL and NYCHRL are subject to a three year statute of limitations.  See N.Y. CPLR § 214(2) (2004); N.Y.C. Admin. Code § 8-502(d) (2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir.1998).

Thermidor's Complaint was filed on October 5, 2006. Therefore, any alleged discrimination must have occurred on or after October 5, 2003 to be timely under NYSHRL and NYCHRL.

### 1. Denial Of Maternity Leave – Dismissed With Prejudice

As discussed above, this claim is dismissed with prejudice because Thermidor was not eligible to take FMLA maternity leave, and thus cannot state a viable claim.

### 2. Harassment By Imassuer – Dismissed Without Prejudice

As discussed above, Thermidor does not set forth a period during which Imassuer allegedly harassed her. However, because some of Imassuer's allegedly objectionable conduct may have occurred on or after October 5, 2003, and thus could support Thermidor's NYSHRL and NYCHRL claims for gender discrimination, the Court dismisses these claims without prejudice to repleading.

## C. TITLE VII, NYSHRL, AND NYCHRL RACIAL DISCRIMINATION CLAIMS – MOTION TO DISMISS DENIED[3]

Defendant argues that Thermidor's allegations of constructive discharge and hostile work environment arising from racial discrimination fail to state a claim upon

---

[3] Thermidor's racial discrimination claims concern incidents which allegedly occurred in or after September 2004. Accordingly, Thermidor's race discrimination claims are timely under Title VII, NYSHRL, and NYCHRL.

which relief can be granted.[4]

### 1. Constructive Discharge[5]

Constructive discharge of an employee occurs when "an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily. Working conditions are intolerable if they are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." Chertkova v. Conn. General Life Ins. Co., 92 F.3d 81, 89 (2d Cir.1996) (internal citations and quotations omitted).

Thermidor alleges that in September 2004, Defendant hired Israel Vraneski as head of Human Resources, and Altina Klapija as an accountant. Vraneski allegedly confided to another employee that he did not want minorities working for Defendant (Compl. ¶ 11), while Klapija allegedly harassed Thermidor by making derogatory racial comments and using racial epithets on an almost daily basis (Id. ¶ 28). As a result of this ongoing racial discrimination, Thermidor alleges that she applied for and received a transfer to a different department run by Robert Moro. However, Moro

---

[4] As discussed above, Thermidor's claims under Title VII, NYSHRL, and NYCHRL may be analyzed together under the Title VII framework.

[5] The parties alternatively refer to Thermidor's claim as "constructive discharge" or "unlawful termination." To establish unlawful termination, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See Cruz, 202 F.3d at 567. However, because it is not disputed that Thermidor resigned from her position, her allegations amount to a constructive discharge claim.

allegedly did not like African-Americans, and the racial harassment and abuse actually intensified following her transfer to Moro's department. Thermidor also alleges that she repeatedly complained about this harassment to Israel Vraneski, head of Human Resources, but nothing was done to address the problem. In fact, whenever she spoke to Vraneski, the harassment from Moro would allegedly intensify "with Mr. Vraneski's blessing." (Id. ¶¶ 28-29.) Furthermore, Thermidor alleges additional instances of unfair treatment motivated by racial animus. For example, Defendant allegedly forced Thermidor to work out of the office kitchen for nearly one month (Id. ¶ 28), and also changed Thermidor's hours in an unfair and unaccommodating manner as "a pretext to get rid of [her]" (Id. ¶ 30). Thermidor alleges that she was ultimately forced to resign due to "constant and unremitting racial and sexual harassment and abuse." (Id. ¶ 31.)

Given these allegations, and assuming, as the Court must, that these allegations are true, Defendant's racially-motivated harassment and abuse of Thermidor would be sufficient to create an intolerable work atmosphere that would force a reasonable person in Thermidor's position to resign. Therefore, Defendant's Motion to Dismiss Thermidor's claim of constructive discharge due to racial discrimination is denied.

### 2. Hostile Work Environment

To prevail on a hostile work environment claim, a plaintiff must show that harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that a specific basis

exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir.2002) (internal quotation omitted); see also Oncale v. Sundowner Offshore Serv., Inc., 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (stating that a hostile work environment is created "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment") (internal quotation omitted). To be actionable, a racially hostile environment must be both objectively and subjectively offensive, "one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher v. City of Boca Raton, 524 U.S. 775, 787, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998). "In determining whether an actionable hostile work environment claim exists, we look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Morgan, 536 U.S. at 116. "As a general rule, incidents must be more than episodic, they must be sufficiently continuous and concerted in order to be deemed pervasive." Alfano, 294 F.3d at 374 (quoting Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir.1997)).

Given the allegations in the Complaint that are discussed in detail above, and assuming, as the Court must, that these allegations are true, Defendant's continuous and racially-motivated intimidation, insult, and ridicule of Thermidor would be

13

sufficient to create an abusive work environment that was objectively and subjectively offensive. Therefore, Defendant's Motion to Dismiss Thermidor's claim of hostile work environment due to racial discrimination is denied.

### D. NEW YORK COMMON LAW DEFAMATION CLAIM – MOTION TO DISMISS GRANTED

Defendant contends that Thermidor's Complaint fails to state a viable claim for New York common law defamation. In her Prayer for Relief, Thermidor seeks damages in the amount of $500,000 for "injury to her reputation and good name." (Compl. ¶ 47(d)(ii).) However, in opposing Defendant's Motion to Dismiss, Thermidor claims that she "did not make a claim for defamation – and only someone who had not bothered to read the Complaint would assume that she had in fact made such a claim." (Pls.' Memo. In Opp., 12.) Considering that Thermidor seeks damages for "injury to her reputation and good name," Thermidor's accusation is puzzling. In any event, to the extent that Thermidor attempted to assert a defamation claim, she has now waived that claim. Accordingly, it is dismissed with prejudice.

## II. PLAINTIFF COLLIER – MOTION TO DISMISS GRANTED

Defendant argues that Collier's claims should be dismissed because Collier did not adequately plead exhaustion of administrative remedies as required under Title VII. Specifically, Defendant argues that Collier did not plead that she obtained a right-to-

sue letter from the EEOC prior to filing the Complaint, and such a letter is a required condition precedent to filing this action.

It is well settled that a prior to bringing a Title VII lawsuit, a plaintiff must file a discrimination charge with the EEOC and receive a right-to-sue letter. See, e.g., Canty v. Wackenhut Corrections Corp., 255 F.Supp.2d 113, 117 (E.D.N.Y.2003); Habermann v. Brown, Harris, Stevens, Inc., 1994 WL 573290, at *1 (S.D.N.Y.1994) (citing 42 U.S.C. § 2000e-5(f)(1)). This exhaustion of EEOC administrative remedies stands as "an essential element of Title VII's statutory scheme," and is an element with which defendants are "entitled to insist" that plaintiffs comply. Francis v. City of N.Y., 235 F.3d 763, 768 (2d Cir.2000) (internal quotation omitted).

Here, it is not disputed that Collier failed to plead or incorporate by reference a right-to-sue letter from the EEOC. Instead, Collier filed a right-to-sue letter obtained from the EEOC on January 4, 2007, approximately three months after her Complaint was filed. However, Collier now asks the Court to deny Defendant's Motion to Dismiss on this ground because her failure to plead receipt of a right-to-sue letter is a "pointless formality" and because dismissal on this ground would be a waste of the Court's and plaintiffs' resources. (Pls.' Memo. In Opp., 7.)

While Collier may believe that failure to plead receipt of a right-to-sue letter is a "pointless formality," the Court is not as willing to ignore well-established procedure. The Complaint, even when viewed in a manner most favorable to Collier, does not plead receipt of a right-to-sue letter. Furthermore, the Court cannot consider additional

facts Collier offered in response to Defendant's Motion to Dismiss, if she did not allege those facts in the Complaint. See Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir.2000). Accordingly, Collier's failure to plead receipt of a right-to-sue letter in her Complaint requires dismissal of her claims without prejudice to repleading.[6] See Brown v. General Elec. Co., No. 93 CIV. 527, 1995 WL 340748, at *1 (N.D.N.Y., June 6, 1995).

### III.     LEAVE TO REPLEAD

"It is the usual practice upon granting a motion to dismiss to allow leave to replead." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991). Therefore, the Court grants Plaintiffs leave to replead all claims dismissed without prejudice, within 30 days of the date this Memorandum and Order is filed.

### IV.     DEFENDANT'S REQUEST FOR ATTORNEYS' FEES AND COSTS – DENIED

Defendant's Notice of Motion requests attorneys' fees and costs. However, Defendant does not substantively brief this issue in any of its submissions. After reviewing the record, the Court finds no basis for granting Defendant's request. Therefore, Defendant's request for attorneys' fees and costs is denied.

---

[6] Defendant also argues that even if Collier's claims should not be dismissed for failure to plead exhaustion of administrative remedies, they nonetheless should be dismissed because Collier fails to state a claim upon which relief can be granted. Because the Court is granting Defendant's Motion to Dismiss on the basis of failure to exhaust administrative remedies, the Court declines to address Defendant's additional arguments at this time.

## **CONCLUSION**

Based on the foregoing, the Court concludes as follows:

(1) Plaintiff Thermidor's:

(A) gender discrimination claims arising from denial of maternity leave are dismissed with prejudice;

(B) gender discrimination claims arising from Imassuer's alleged sexual harassment are dismissed without prejudice;

(C) racial discrimination claims for unlawful termination and hostile work environment survive Defendant's Motion to Dismiss;

(D) defamation claim is dismissed with prejudice;

(2) Plaintiff Collier's claims are dismissed without prejudice;

(3) Plaintiffs are granted leave to replead all claims that have been dismissed without prejudice, within 30 days of the date this Memorandum and Order is filed; and

(4) Defendant's request for attorneys' fees and costs is denied.

SO ORDERED.

DATED:  May _17_ , 2007                           /S/
        Brooklyn, New York                    Senior U.S.D.J.